## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JOHN MYERS, | : | |
| Plaintiff, | : | |
| | | Case No. 3:12cv00192 |
| vs. | : | |
| | | District Judge Walter Herbert Rice |
| CAROLYN W. COLVIN, | : | Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social | | |
| Security Administration, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon a Motion For Allowance Of Attorney Fees filed by Plaintiff's counsel (Doc. #18), the Commissioner's Response (Doc. #20), Plaintiff's counsel's Reply (Doc. #21), and the record as a whole. Plaintiff's counsel seeks an award of $27,000.00 in attorney fees under 42 U.S.C. § 406(b)(1). The Commissioner acknowledges that the requested award of attorney fees would not constitute a windfall for Plaintiff's counsel. The Commissioner asserts, however, that the present Motion was not filed within a reasonable time after Plaintiff received his Notice of Award letter from the Social Security Administration. The Commissioner, therefore, "defers to the Court's judgment concerning what fee to award …." (Doc. # 20, *PageID*# 219).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Section 406(b)(1)(A) permits a court to "determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment …."  Given this, many attorneys agree to represent social security claimants under the terms of a contingency agreement that permits attorney fees up to the full 25 percent statutory maximum.  This type of contingency agreement is permissible when the district court determines that the fee award is reasonable.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").

Plaintiff and his attorney entered into an agreement setting the amount payable as attorney fees at "25% of any lump sum award for past-due benefits payable to [Plaintiff] and Client's dependents …."  (Doc. #18, *PageID#* 176).  The Commissioner does not contend that the amount of the sought-after award, $27,000.00, would be a windfall to Plaintiff's counsel in the present case.  And, upon review of Plaintiff's counsel's Motion and attached documents, Plaintiff correctly contends that this fee amount is reasonable based on certain prior cases.  *See* Doc. #18, *PageID#s* 165-66 (and cases discussed therein).

The point of contention between the parties concerns the long passage of time between September 2014, when Plaintiff received his Notice of Award letter from the Social Security Administration, and December 21, 2016, when Plaintiff's counsel filed his present Motion.  The Commissioner explains that counsel's filing "two years after the Notice of Award letter does not appear to be within a reasonable time by any standard.  Equitable tolling of the due

date usually recognizes a short period of weeks or months, not years, after the Notice of Award letter is received." (Doc. #20, *PageID#* 219).

Before delving into this controversy, it is worth noting one aside: Effective January 1, 2016, Rule 54.2(b) of the S.D. Ohio Civil Rules imposes a specific time limit on counsel seeking fees under §406b). It provides:

> An attorney seeking fees awarded under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), must file a motion for fees no later than forty-five days after entry of judgment or the date shown on the face of the social security certificate award (notice of award), whichever is later.

This Rule was not in effect on the date, September 8, 2014, shown on the face of Plaintiff's Notice of Award. (Doc. #18, *PageID#* 177). At that time, counsel had no notice of Rule 54.2(b)'s time limit. It would therefore be unduly prejudicial to apply Rule 54.2(b)'s 45-day limit against Plaintiff's counsel.

How long did Plaintiff's counsel have to file his 406(b) Motion after he received the Notice of Award letter? The law and historical explanations cogently set forth in *McCluskey v. Comm'r of Soc. Sec.*, 1:12cv00617, 2016 WL 6836353, at *3 (S.D. Ohio, Nov. 18, 2016) (Litkovitz, M.J.) and *Short v. Comm'r of Soc. Sec.*, No. 1:12cv00574, 2015 WL 4465189, at *1 (S.D. Ohio, 2015) (Bowman, M.J.), guide the analysis.

The time-limit answer potentially arises from Fed. R. Civ. P. 54(d), which requires attorney fee motions to be filed "no later than 14 days after the entry of judgment" unless a court order or statute provides otherwise. Fed. R. Civ. P. 54(d)(2)(B). Strict application of this Rule in the present circumstances would mean counsel's § 406(b) Motion is untimely. Judgment was entered in this case on September 13, 2013. More than 45 days later, Plaintiff's counsel filed his present Motion (in November 2016).

3

Such delays often arise for attorneys seeking to recover fees under 406(b) due to "the practical difficulty and inherent unfairness of applying Fed. R. Civ. P. 54(d)(2)'s filing deadline in disability cases that were remanded for further administrative proceedings.[1] While the 14-day filing deadline under Rule 54(d)(2) runs from the entry of judgment, the amount of any past-due benefits from which an attorney fee may be calculated is not known at the time of judgment when a disability appeal is remanded by the court for further administrative proceedings." *McCluskey*, 2016 WL 6836353, at *3 (footnote added) (Litkovitz, M.J.; R&R adopted 2016 WL 7188586 (S.D. Ohio, Dec. 12, 2016). This problem has led judges in this district to apply "the principles of equitable tolling to determine whether a § 406(b) attorney fee petition filed past the time limit set forth in Rule 54(d)(2) was timely." *Id*. The equitable-tolling principles boil down to five considerations: (1) the movant's lack of notice of the filing requirement; (2) the movant's lack of constructive knowledge of the filing requirement; (3) the diligence movant exercised in pursuing his or her rights; (4) the absence of prejudice to the non-movant; and (5) the movant's reasonableness in remaining ignorant of the legal requirement for filing his or her motion. *See Short*, 2015 WL 4465189, *4 (and cases cited therein).

The circumstances Plaintiff's counsel describes demonstrate that he was reasonably diligent in processing the administrative matters after receiving the Notice of Award letter such that he filed his present Motion within a reasonable time. After receiving Plaintiff's Notice of Award letter, counsel still needed to pursue Notices Of Award for two auxiliary

---

[1] citing *Lasley v. Comm'r of Soc. Sec.*, No. 1:10cv00394, 2013 WL 3900096 (S.D. Ohio, July 2013) (R&R *adopted*, 2013 WL 6147841 (S.D. Ohio Nov. 22, 2013)), *aff'd*, 771 F.3d 308 (6th Cir. 2014).

4

beneficiaries—Plaintiff's minor dependents. Counsel received the Notice of Award for one dependent on February 26, 2015 and for the other on August 9, 2015. The work performed by counsel or his office pursuing these notices included multiple inquiries by phone or fax with the Court Case Unit, Mod 13, and the Picqua, Ohio District Office. The affidavit of attorney Michael Rake, certain Time Entries, and the correspondences attached to Plaintiff's Counsel's Reply verify the performance of this work by counsel. (Doc. #21, *PageID* #s 226-46). Furthermore, Plaintiff and his two dependents benefitted from the additional work Plaintiff's counsel had performed and the success he had obtained in securing the Notices of Award for Plaintiff's two minor dependents. At least some of the passage of time during this period was doubtlessly due to the large number of matters pending before the Social Security Administration and the enormous amount of work it dedicates to these matters.

In addition, some delay occurred in the fall of 2016, due to the need for the Social Security Administration's Office of General Counsel to consider whether to challenge the reasonableness of the §406(b) Motion Plaintiff's counsel intended to file. At the Office of General Counsel's request, Plaintiff's counsel sent them a copy of his § 406(b) Motion. On or about November 15, 2016, the Office of General Counsel responded to the counsel's intended § 406(b) Motion, expressing concern over its timeliness. (Doc. #21, *PageID* #259). Plaintiff's counsel diligently filed his § 406(b) Motion two days later, on November 17, 2016.

This case, moreover, presents circumstances and activities by Plaintiff's counsel that distinguish it from the lack of explanation for the delay in filing that occurred in *McCluskey*, 2016 WL 6836353, at *4 ("Nor has counsel offered any reason for waiting until approximately 15 months after the Notice of Award was issued and seven months after Rule 54.2(b) was

enacted to request a § 406(b) fee.") and in *Short*, 2013 WL 4465189, *5 ("Despite that express warning and admitted receipt of the Notice of Award in June 2014, counsel offers no rationale for waiting nearly six months to file her § 406(b) motion."). Thus, although the delays were found to be unreasonable in *McCluskey* and *Short*, the diligent efforts by counsel in this case, and the lack of prejudice to the government, warrant the conclusion that his delay in filing was reasonable.

Accordingly, in light of the unique circumstances presented in this case, the delay in counsel's filing his § 406(b) Motion was reasonable and his Motion is therefore well taken.

## IT IS THEREFORE RECOMMENDED THAT:

1. The Motion for Allowance of Attorney Fees filed by Plaintiff's counsel (Doc. #18) be granted and that counsel be awarded $27,000.00 in attorney fees under 42 U.S.C. § 406(b);

2. Plaintiff's counsel be directed to remit to Plaintiff $8,900.00, which is the total amount of attorney fees counsel has received under the Equal Access to Justice Act, 28 U.S.C. § 2412(d); and

3. The case remain terminated on the Court's docket.


January 6, 2017                                     *s/Sharon L. Ovington*
                                                    Sharon L. Ovington
                                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).